UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR THE
INDYMAC INDX MORTGAGE TRUST
2007-AR13, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-AR13,

                                Plaintiff,

           -against-

DONNA CRISCUOLO, HAI HUI MA, ALVIN
CHAN, EDWIN CHIONG, and PENNYMAC LOAN
SERVICES, LLC,

                          Defendants.

---------------------------------------------------------------------x

MEMORANDUM AND
ORDER

No. 19-CV-3760-JRC

JAMES R. CHO, United States Magistrate Judge:

On June 27, 2019, plaintiff Deutsche Bank National Trust Company, as Trustee for the

Indymac Indx Mortgage Trust 2007-AR13, Mortgage Pass-Through Certificates, Series 2007-

AR13 ("plaintiff") commenced this action against defendants Donna Criscuolo ("Criscuolo"),

Alvin Chan ("Chan"), Edwin Chiong ("Chiong"), Hai Hui Ma ("Ma"), Maverick Funding

Corporation, and Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee

of Maverick Funding Corporation,[1] seeking to strike a purported mortgage satisfaction and to

restore the lien created by plaintiff's mortgage as a priority lien on real property located at 1725

81st Street, Brooklyn, New York. *See generally* Am. Compl., Dkt. 2. Plaintiff further seeks

damages against defendant Criscuolo for fraud. *See id.* Defendants Ma, Chan, Chiong and

PennyMac Loan Services, LLC (collectively, the "PennyMac defendants") asserted

---

[1] On October 21, 2019, the parties stipulated to dismiss Maverick Funding Corporation. *See* Dkt. 38. PennyMac Loan Services, LLC ("PennyMac") is the successor in interest to MERS, solely as nominee for Maverick Funding Corporation. *See* Dkt. 11.

counterclaims against plaintiff seeking a declaration that a mortgage held by PennyMac is a first-priority lien on the property at issue and that any interest of plaintiff is subject and subordinate to the lien of the PennyMac mortgage.  Am. Answer, Dkt. 40.

Currently pending before this Court, on consent of the parties pursuant to 28 U.S.C. § 636(c), are the partial cross-motions for summary judgment filed by plaintiff and the PennyMac defendants.  Defendant Criscuolo did not move for summary judgment.  The moving parties cross-move for summary judgment on Counts I and II of the Amended Complaint, wherein plaintiff seeks removal of the purported satisfaction of record and restoring plaintiff's mortgage to the priority position.  *See* Mot. for Summary J., Dkt. 103; Mot. for Partial Summary J., Dkt. 116.  Plaintiff also moves for partial summary judgment on the PennyMac defendants' first and second counterclaims brought pursuant to Article 15 of the Real Property Actions and Proceedings Law ("RPAPL").  Mot. for Summary J., Dkt. 103.

For the reasons set forth below, the Court dismisses Counts I and II of plaintiff's Amended Complaint and dismisses the PennyMac defendants' counterclaims against plaintiff.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts in this section are taken from the parties' Rule 56.1 statements, responses to 56.1 statements, declarations, affidavits, and exhibits submitted in support of the moving parties' motions and are considered in the light most favorable to the non-moving party.  The facts below are undisputed unless otherwise noted.  Although there are disputed issues of fact, those disputes concern facts immaterial to resolving the legal issues presented in the instant motions.

On or about November 27, 2002, defendant Criscuolo, in her capacity as Administratrix of the Estate of John Criscuolo, delivered a deed to property located at 1725 81st Street, Brooklyn, New York (the "Premises") to Criscuolo in her individual capacity.  Pl. 56.1 ¶ 1, Dkt.

103-2; Defs. 56.1 ¶ 1, Dkt. 116-1.  On May 2, 2007, Criscuolo executed a note in the amount of $560,000 in favor of IndyMac Bank, FSB.  Pl. 56.1 ¶ 2; Defs. 56.1 ¶ 2.  In connection with the note, Criscuolo executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as a nominee for IndyMac, its successors and assigns (the "Mortgage"), which was recorded with the County of Kings on May 16, 2007.  Pl. 56.1 ¶ 3; Defs. 56.1 ¶ 3.  The Mortgage was intended to secure a first-position lien on the Premises.  Pl. 56.1 ¶ 4; Defs. 56.1 ¶ 4.  Under the note and Mortgage, Criscuolo was required to make monthly payments on the first of each month, commencing on July 1, 2007 through maturity on June 1, 2037.  Pl. 56.1 ¶ 5; Defs. 56.1 ¶ 5.

Deutsche Bank acts as corporate trustee for various residential mortgage-backed securitization trusts, the assets of which are comprised mainly of pools of residential mortgage loans and foreclosed properties that were secured by loans in the trusts.  Pl. 56.1 ¶ 6; Defs. 56.1 ¶ 6.  Deutsche Bank is the trustee for Indymac Indx Mortgage Loan Trust 2007-AR13, Mortgage PassThrough Certificates Series 2007-AR13 ("Trust") under the Trust's Polling and Servicing Agreement dated as of May 1, 2007.  Pl. 56.1 ¶ 7; Defs. 56.1 ¶ 7.

The mortgage loan taken out by Criscuolo and secured by the Mortgage was one of the pooled loans conveyed to Deutsche Bank for the Benefit of the Certificate Holders of the Trust as of the closing date of the Trust.  Pl. 56.1 ¶ 8; Defs. 56.1 ¶ 8.  On March 8, 2010, MERS, as nominee for IndyMac, executed an assignment of mortgage in favor of Deutsche Bank as Trustee, which was recorded in the Kings County Clerk's office on April 1, 2010.  Pl. 56.1 ¶ 9; Defs. 56.1 ¶ 9.

Criscuolo defaulted on the note and mortgage by failing to make the payment due on October 1, 2009.  Pl. 56.1 ¶ 10.  Following Criscuolo's default on her obligation to make

3

monthly payments pursuant to the note and mortgage, on April 1, 2010, plaintiff commenced a foreclosure action in the Supreme Court of New York, Kings County, Index No. 8242/2010. *See* Pl. 56.1 ¶ 11; Defs. 56.1 ¶ 11.

On May 2, 2013, plaintiff renewed its notice of pendency filed against the Premises. Pl. 56.1 ¶ 12; Defs. 56.1 ¶ 12. On or about June 28, 2013, a satisfaction of the mortgage was allegedly signed by "Michael Peter" of Deutsche Bank National Trust Company. Pl. 56.1 ¶ 21; Defs. 56.1 ¶ 21. On or about July 29, 2013, that satisfaction was recorded with the City Register of the City of New York. Pl. 56.1 ¶ 22; Defs. 56.1 ¶ 22. The parties dispute whether the satisfaction was authorized or executed by, or on behalf of, plaintiff. Pl. 56.1 ¶¶ 23, 27, 29-31; Defs. 56.1 ¶¶ 23, 27, 29-31. Similarly, the parties dispute whether Criscuolo paid plaintiff all sums then due and owing on the note and mortgage. Pl. 56.1 ¶ 32; Defs. 56.1 ¶ 32.

On January 9, 2014, the state court in the foreclosure action issued an order dismissing the action "conditionally" because "more than one year has elapsed since joinder of issue and plaintiff has unreasonably neglected to prosecute this action." Pl. 56.1 ¶ 13; Defs. 56.1 ¶ 13. The court further directed the County Clerk to "cancel the Notice of Pendency unless plaintiff files a note of issue or otherwise proceeds by motion for entry of judgment within 90 days." *Id.* The conditional dismissal order was entered on the docket in the foreclosure action by the Clerk of the Supreme Court on May 14, 2014. Pl. 56.1 ¶ 14; Defs. 56.1 ¶ 14.

By deed dated May 9, 2014, defendants Ma, Chan and Chiong (collectively, the "Ma Family") received title to the Premises through a deed from Criscuolo, which deed was recorded on June 3, 2014 with the City Register of New York. Pl. 56.1 ¶¶ 33-34, 36. The Ma Family paid $630,000 for the Premises, including $480,768 from a mortgage loan provided by PennyMac to the Ma Family, which was secured by a mortgage given to MERS, as nominee, and recorded on

4

June 2, 2014 with the City Register of the City of New York.  Pl. 56.1 ¶¶ 33, 35-36; Defs. 56.1 ¶¶ 33, 35-36.  Defendant PennyMac is the current holder of the Maverick Mortgage.  Pl. 56.1 ¶ 37; Defs. 56.1 ¶ 37.

On or about November 2, 2015, plaintiff moved to vacate the conditional dismissal order and restore the action to the active calendar.  Pl. 56.1 ¶ 16; Defs. 56.1 ¶ 16.  On March 8, 2016, the state court denied plaintiff's motion to vacate because plaintiff failed to provide an explanation for its failure to comply with the conditional dismissal order.  Pl. 56.1 ¶ 17; Defs. 56.1 ¶ 17.

On or about March 5, 2020, plaintiff moved for leave to renew the motion to vacate.  Pl. 56.1 ¶ 18; Defs. 56.1 ¶ 18.  On August 4, 2020, the state court granted the motion to renew, vacating the conditional order and restoring the case to the active calendar.  Pl. 56.1 ¶ 19; Defs. 56.1 ¶ 19.  On November 21, 2021, the Appellate Division, Second Department dismissed Criscuolo's appeal from the state court order for failing to perfect the appeal.  Pl. 56.1 ¶ 20; Defs. 56.1 ¶ 20.

In July 2022, plaintiff moved for summary judgment and an order of reference in the state court foreclosure action.  Defs. 56.1 ¶ 38; Pl. Reply 56.1 ¶ 38, Dkt. 124.  Criscuolo opposed the motion, and the PennyMac defendants opposed the motion and cross-moved to intervene.  Defs. 56.1 ¶¶ 39-40; Pl. 56.1 ¶¶ 39-40.  By Order dated June 12, 2023, the state court denied plaintiff's motion for summary judgment and granted the PennyMac defendants' cross-motion to intervene.  Defs. 56.1 ¶ 41; Pl. 56.1 ¶ 41.  Plaintiff filed an appeal of the order, which is pending, while the state foreclosure action remains on the active calendar.  Defs. 56.1 ¶ 45; Pl. Reply 56.1 ¶ 45, Dkt. 124.

Prior to commencing this action, plaintiff never contacted the Ma Family or PennyMac

5

regarding the satisfaction of mortgage or any other issue related to the underlying facts of this suit.  Defs. 56.1 ¶ 50; Pl. Reply 56.1 ¶ 50, Dkt. 124.

## DISCUSSION

### I.        Summary Judgment Standard

Summary judgment is appropriate if the parties' submissions — including pleadings, deposition transcripts, affidavits, and other material in the record — show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ.  P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The movant has the burden of demonstrating that no material fact is genuinely in dispute.  *Coyle v. United States*, 954 F.3d 146, 148 (2d Cir. 2020).  "A fact is material if it 'might affect the outcome of the suit under the governing law,'" and a factual dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Summary judgment is appropriate only if "on the record presented, considered in the light most favorable to the non-moving party, no reasonable fact-finder could find in its favor."  *Roberts v. Genting N.Y. LLC*, 68 F.4th 81, 88 (2d Cir. 2023) (alterations omitted) (quoting *Capobianco v. City of N.Y.*, 422 F.3d 47, 54-55 (2d Cir. 2005)).  A court should not ask whether "the evidence unmistakably favors one side or the other but whether a fair-minded fact-finder could return a verdict for the non-moving party on the evidence presented."  *Id.* (alterations omitted) (quoting *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005)).  "[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'"  *Tolan v. Cotton*, 572 U.S.

6

650, 656 (2014) (quoting *Anderson*, 477 U.S. at 249).  To avoid summary judgment, all that is required of the non-moving party is a showing of sufficient evidence supporting the claimed factual dispute as to require a judge or jury's resolution of the parties' differing versions of the truth.  *See Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 206 (2d Cir. 2006).

"Cross-motions for summary judgment do not alter the basic standard."  *Basora v. City of Poughkeepsie*, No. 22-CV-3300, 2025 WL 50322, at *3 (S.D.N.Y. Jan. 8, 2025).  Where, as here, the parties have cross-moved for summary judgment, the Court evaluates each party's motion "on its own merits," and draws all reasonable inferences "against the party whose motion is under consideration."  *Roberts*, 68 F.4th at 88 (quoting *Morales v. Quintel Ent., Inc.*, 249 F.3d 115, 121 (2d Cir. 2001)); *see BWP Media USA Inc. v. Polyvore, Inc.*, 922 F.3d 42, 47 (2d Cir. 2019).  Each movant bears the burden of establishing that there are no genuine disputes as to any material facts such that summary judgment is appropriate.  *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005); Fed. R. Civ. P. 56(a).  Thus, when evaluating the PennyMac defendants' motion for summary judgment, the Court draws all reasonable inferences against defendants, and when considering plaintiff's cross-motion for summary judgment, the Court draws all reasonable inferences against plaintiff.

Pursuant to Local Civil Rule 56.1, each moving party has submitted a statement of undisputed material facts warranting summary judgment, and the opposing party has submitted a corresponding statement responding to each item set forth in the movant's statement.  The facts set forth in the moving party's 56.1 statement will be deemed admitted "unless specifically controverted by a correspondingly numbered paragraph in the opposing party's 56.1 statement.  Loc. Civ. Rule 56.1(c).

7

## II.   Counts I and II of the Amended Complaint are Dismissed

### A.   *Younger* Abstention

In Counts I and II of the Amended Complaint,[2] plaintiff seeks declaratory judgment, removal of the 2013 satisfaction of the mortgage and restoration of plaintiff's mortgage, *nunc pro tunc*, to a position of priority over the ownership interests of the Ma Family and PennyMac's first mortgage lien.  The parties cross-move for summary judgment on Counts I and II of the Amended Complaint.  The PennyMac defendants argue that plaintiff's Counts I and II are barred by the *Younger* abstention doctrine due to the pendency of the state foreclosure action.  Def Mem. at 5-6, Dkt. 117.  In response, plaintiff contends that the *Younger* abstention doctrine is inapplicable here because plaintiff does not raise any constitutional claims and this "lawsuit between private parties . . . is not one of the exceptional types of actions falling within the doctrine."  Pl. Reply at 2-4, Dkt. 125.  In addition, plaintiff argues that the PennyMac defendants waived their invocation of *Younger* by failing to raise it earlier.  *Id.* at 4.

*Younger* abstention is a "threshold ground[]" on which a federal court may rely "for denying audience to a case on the merits."  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999).  The Court addresses this argument first because if the Court lacks subject matter jurisdiction, defendants' other arguments "become moot and do not need to be determined."  *Daly v. Citigroup Inc.*, 939 F.3d 415, 426 (2d Cir. 2019).  Abstention is mandatory where the *Younger* doctrine applies.  *See Augustin v. Digirolamo*, No. 25-CV-3332, 2025 WL 2689598, at *8 (E.D.N.Y. Sept. 19, 2025); *Malvezzi v. Gray*, No. 25-CV-4896, 2025 WL 2962732, at *5

---

[2] Count I seeks declaratory judgment and Count II seeks to quiet title pursuant to RPAPL Article 15.  "A determination under Article 15 [of the RPAPL] is in the nature of a declaratory judgment." *Gass v. Mamedova-Braz*, No. 15-CV-3799, 2017 WL 3588944, at *8 (S.D.N.Y. Aug. 18, 2017). "Because the same facts and arguments are dispositive of summary judgment with respect to declaratory judgment and RPAPL Article 15 – namely, which parties maintain an interest in the [Premises] – the Court considers these causes of action together." *Id.* at *9.

(E.D.N.Y. Oct. 21, 2025).

The *Younger* abstention doctrine, which requires federal courts to abstain from interfering with certain pending state court proceedings, stems from "longstanding public policy." *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003). "*Younger* is not a jurisdictional bar based on Article III requirements, but instead a prudential limitation on the court's exercise of jurisdiction grounded in equitable considerations of comity." *Kaufman v. Kaye*, 466 F.3d 83, 88 n.1 (2d Cir. 2006) (quoting *Spargo*, 351 F.3d at 74). "[F]ederal courts should refrain from interfering with core state court civil administrative processes, powers, and functions that allow the state courts to adjudicate the matters before them and enforce their judgments." *Cavanaugh v. Geballe*, 28 F.4th 428, 434 (2d Cir. 2022).

The application of the doctrine is limited to "'exceptional' situations in which the prospect 'of undue interference with state proceedings' triggers *Younger* abstention." *Gristina v. Merchan*, 131 F.4th 82, 86-87 (2d Cir.), *cert. denied*, 146 S. Ct. 248 (2025) (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989)). Those exceptional situations are "(1) where there is a pending state criminal prosecution; (2) where there is a pending civil enforcement proceeding; or (3) where there is a pending civil proceeding 'uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Gristina*, 131 F.4th at 87 (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013)). Some courts have further considered the following additional factors: "(1) is there an ongoing state proceeding; (2) is an important state interest implicated; and (3) does the plaintiff have an avenue open for review of [his] claims in the state court?" *Jones v. HSBC Nat'l Ass'n*, No. 23-CV-7773, 2024 WL 2766515, at *7 (E.D.N.Y. May 30, 2024); *Plotch v. Wells Fargo Bank, N.A.*,

9

413 F. Supp. 3d 129, 133 (E.D.N.Y. 2018).  However, as the Second Circuit recognized, "'[i]t remains unclear how much weight' should be afforded to these [additional] factors after the Supreme Court's decision in *Sprint*."  *Toczek v. Alvord*, 841 F. App'x 263, 266 n.3 (2d Cir. Jan. 6, 2021) (quoting *Falco v. Justs. of the Matrimonial Parts of Supreme Ct. of Suffolk Cnty.*, 805 F.3d 425, 427 (2d Cir. 2015)).

Here, the state foreclosure action is an ongoing state proceeding.  A civil proceeding is considered pending so long as further state appellate remedies are available at the time of filing the federal complaint.  *See Gristina*, 131 F.4th at 87; *Hansel v. Town Ct. for Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995) (noting that there was "an ongoing state proceeding" for purposes of *Younger* abstention where the state action was still pending at the time plaintiff "brought this action before the district court"); *see also Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) ("[A]ll of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings[.]").  It is undisputed that the state foreclosure case was pending when plaintiff filed the federal court complaint in 2019 for purposes of the *Younger* analysis.  As the court observed in granting the motion to renew in 2020, plaintiff's time to appeal the court's 2016 denial of the motion to vacate had not yet expired.  *See* Decision/Order, Supreme Court of New York, Kings County at 2, Dkt. 106-8 at ECF page 4.[3] Now, the action remains on the active calendar while plaintiff's appeal of the 2023 order[4] is pending.  Defs. 56.1 ¶¶ 17-18, 45; Pl. Reply 56.1 ¶¶ 17-18, 45; *see* New York State Unified Court System, NYCSEF – New York State Courts Electronic Filing (Live System), Index No. 8242/2010, https://iapps.courts.state.ny.us/nyscef/CaseSearch (last visited March 27, 2026)

---

[3] References to the page numbers generated by the Court's electronic case filing system appear as "ECF page."

[4] The state court in 2023 granted the PennyMac defendants' cross-motion to intervene and denied plaintiff's motion for summary judgment.  Defs. 56.1 ¶ 41; Pl. Reply 56.1 ¶ 41.

(listing case as active).

Second, the underlying state foreclosure action implicates an important state interest.  It is well settled that "[a] foreclosure action qualifies as a 'civil proceeding that implicates a State's interest in enforcing the orders and judgments of its courts.'"  *Jones*, 2024 WL 2766515, at *7 (internal citation omitted); *see Wilks v. Wells Fargo Bank, N.A.*, No. 23-CV-2768, 2024 WL 1531142, at *9 (E.D.N.Y. Feb. 26, 2024); *McDonald v. Esposito*, No. 20-CV-828, 2021 WL 1062259, at *3 (E.D.N.Y. Mar. 18, 2021); *see also Toczek*, 841 F. App'x at 266 (state court orders "relating to [plaintiff's] foreclosure are uniquely in furtherance of the state courts' ability to perform their judicial functions and implicate a state's interest in enforcing the orders and judgments of its courts.").  "Time and time again, courts in this circuit have held that the *Younger* abstention doctrine applies where a plaintiff seeks injunctive and/or declaratory relief relating to the same property that is the subject matter of the underlying foreclosure action in state court." *Jones*, 2024 WL 2766515, at *7 (quoting *Plotch*, 413 F. Supp. 3d at 134).  *Younger* abstention applies to state foreclosure proceedings because foreclosure actions "concern the disposition of real property and hence implicate important state interests, and there is no reason to doubt that the state proceedings provide the plaintiff with an adequate forum to make the arguments he seeks to raise in this court." *Ochei v. Lapes*, No. 19-CV-3700, 2020 WL 528705, at *4 (S.D.N.Y. Jan. 21, 2020) (internal quotation marks and citation omitted); *see Calizaire v. Mortg. Elec. Registration Sys., Inc.*, No. 14-CV-1542, 2017 WL 895741, at *3 (E.D.N.Y. Mar. 6, 2017) ("determining the rights and obligations of the parties with respect to the subject property currently under the jurisdiction of the state court . . . falls within the third category of proceedings identified by the Supreme Court as appropriate for abstention"), 763 F. App'x 124 (2d Cir. 2019).

11

Plaintiff argues that the relief it seeks would not "prevent or interfere with the enforcement of any orders of the state court." Pl. Reply at 4. However, in this federal action, plaintiff requests that the Court strike a purported mortgage satisfaction and restore plaintiff's mortgage lien with priority over the PennyMac defendants. Pl. Mem. at 1, Dkt. 103-1. Both forms of relief requested by plaintiff implicate plaintiff's pending state court foreclosure action. *See Toczek*, 841 F. App'x at 266 (plaintiff's lawsuit "implicates the Connecticut Superior Court's right to terminate automatic stays in her foreclosure proceedings"). Any state court orders relating to the foreclosure proceeding are "uniquely in furtherance of the state courts' ability to perform their judicial functions" and "implicate a [s]tate's interest in enforcing the orders and judgment of its courts." *Sprint*, 571 U.S. at 72-73; *Toczek*, 841 F. App'x at 266. Because this Court cannot grant plaintiff the relief sought without issuing an injunction or declaration relevant to the parties' rights concerning foreclosure, *Younger* abstention applies. *See Jones*, 2024 WL 2766515, at *7; *Plotch*, 413 F. Supp. 3d at 134-35.

Third, there is no impediment to plaintiff raising the same arguments made in this case in the state foreclosure action. *See Plotch*, 413 F. Supp. 3d at 135; *Calizaire*, 2017 WL 895741, at *3; *Wilks*, 2024 WL 1531142, at *10. Plaintiff has not claimed that New York's "laws, procedures, or practices" would prevent it from raising the same contentions as in the federal action. *Toczek*, 841 F. App'x at 266 (quoting *Kirschner v. Klemons*, 225 F.3d 227, 235 (2d Cir. 2000)). On the contrary, the Supreme Court of the State of New York, Kings County is a court of general jurisdiction where plaintiff would have an opportunity to raise any federal claims. *See Jones*, 2024 WL 2766515, at *7. "No more is required to invoke *Younger* abstention." *Juidice v. Vail*, 430 U.S. 327, 337 (1977); *see Toczek*, 841 F. App'x at 267 (applying *Younger* abstention where plaintiff could present her due process arguments to state court). Moreover, contrary to

12

plaintiff's argument, courts have not limited the application of *Younger* abstention to constitutional claims. *Plotch*, 413 F. Supp. 3d at 135 n.2 ("Plaintiff does not allege any constitutional claims. Therefore, this factor does not preclude the application of the abstention doctrine."); *see Calizaire*, 2017 WL 895741, at *3 (dismissing claims for injunctive and declaratory relief under state law); *see also McDonald*, 2021 WL 1062259, at *4.

Plaintiff's claims for declaratory and injunctive relief implicate the same issues as the state court foreclosure action. *See Jones*, 2024 WL 2766515, at *7*; Plotch*, 413 F. Supp. 3d at 133. Therefore, exercising jurisdiction over those claims would "lead to the precise federal interference in state judicial proceedings that *Younger* was designed to prevent." *Kaufman*, 466 F.3d at 86.

Finally, plaintiff argues that the PennyMac defendants waived their invocation of *Younger* abstention by failing to raise it earlier in this action. *See* Pl. Opp. at 4, Dkt. 125. First, the case relied on by plaintiff is inapposite. In *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 373 (2d Cir. 2005), the Second Circuit deemed the abstention issue waived because the state had never raised the issue at any level, including on appeal. *See Monaco v. Hogan*, 576 F. Supp. 2d 335, 357 (E.D.N.Y. 2008) (rejecting argument that failure to timely raise *Younger* results in a waiver). Second, even if defendants had not raised the issue, it would have been appropriate for the Court to raise the issue *sua sponte*. *See, e.g., Roldan v. Fam. Ct. of City of New York*, No. 25-CV-4594, 2025 WL 2536740, at *6 (S.D.N.Y. July 2, 2025), *report and recommendation adopted*, 2025 WL 2374878 (S.D.N.Y. Aug. 15, 2025); *Jureli, LLC v. Schaefer*, 53 F. Supp. 3d 552, 558 (E.D.N.Y. 2014); *Thomas v. Venditto*, 925 F. Supp. 2d 352, 357 (E.D.N.Y. 2013). In any event, under the circumstances of this case, it would be unfair to find that the PennyMac defendants waived the defense. When plaintiff advised the Court that it

13

intended to renew its motion to vacate in state court, this Court stayed the instant action from February 7, 2020 until April 21, 2024, with the parties' consent.  The PennyMac defendants' consent to a stay does not constitute a waiver of *Younger* abstention.  *See PDX North, Inc. v. Commiss'r New Jersey Dep't of Labor and Workforce Dev.*, 978 F.3d 871, 881 (3d Cir. 2020).

Accordingly, this Court dismisses plaintiff's claims for declaratory and injunctive relief (Counts I and II) on *Younger* abstention grounds.  *See Jones*, 2024 WL 2766515, at *7; *Plotch*, 413 F. Supp. 3d at 134; *Calizaire*, 2017 WL 895741, at *3.

## B.    *Brillhart/Wilton* Abstention

Alternatively, abstention is warranted pursuant to a further abstention doctrine, which may be raised *sua sponte*.[5]  *Gustavia Home LLC v. VVS1 Corp.*, No. 17-CV-4330, 2019 WL 527291, at *6 (E.D.N.Y. June 19, 2019), *aff'd*, 805 F. App'x 82 (2d Cir. 2020).  "To avoid wasteful and duplicative litigation, district courts may often dismiss declaratory judgment actions where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."  *Houston Cas. Co. v. Accredited Sur. & Cas. Co.*, No. 22-CV-5572, 2024 WL 4309216, at *7 (E.D.N.Y. Sept. 26, 2024) (quoting *Dittmer v. Cnty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998)).  *Brillhart/Wilton* abstention provides the district court with discretion "'in determining whether and when to entertain an action under the Declaratory Judgment Act' when there are parallel state proceedings even when the suit otherwise satisfies [federal] subject matter jurisdictional prerequisites."  *Gustavia Home LLC v. VVS1 Corp.*, 805 F. App'x 82, 83 (2d Cir. 2020) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)); *see*

---

[5] Under yet a third abstention doctrine, *Colorado River* abstention, "a federal court may abstain from exercising jurisdiction when parallel state-court litigation could result in 'comprehensive disposition of litigation' and abstention would conserve judicial resources." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976).  Although the Court need not discuss this discretionary doctrine, some courts have found it appropriate to dismiss a federal action that is parallel to a state foreclosure action. *See, e.g., Zulli v. JP Morgan Chase Bank*, No. 23-CV-3519, 2025 WL 2482300, at *8-10 (E.D.N.Y. Aug. 27, 2025).

14

*Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942).  Due to the nature of the Declaratory

Judgment Act, this discretion is entitled to "unique breadth."  *VVS1*, 805 F. App'x at 83.

The factors governing a district court's exercise of discretion to hear a declaratory

judgment suit when there is parallel state court litigation include, "the scope of the parallel state

litigation and the nature of the defenses available there[,] whether the claims of all parties in

interest can satisfactorily be adjudicated in that [state] proceeding, whether necessary parties

have been joined, [and] whether such parties are amenable to process in that proceeding, etc."

*Id.* at 83-84 (quoting *Youell v. Exxon Corp.*, 74 F.3d 373, 375 (2d Cir. 1996)).  Here, all parties

to this action have now appeared in the state court litigation.  Further, it is undisputed that the

state court litigation could dispose of the same issues raised here.  Accordingly, the

*Brillhart/Wilton* abstention doctrine provides an alternate abstention ground upon which to

dismiss this action.  *VVS1 Corp.*, 2019 WL 527291, at *6.[6]

## III.    PennyMac Defendants' Counterclaims are Dismissed

Plaintiff also moves for partial summary judgment on the PennyMac defendants' first and

second counterclaims brought pursuant to the RPAPL Article 15.  Pl. Mem. at 18-19, Dkt. 103-1.

Like plaintiff, the PennyMac defendants seek declaratory judgment and to quiet title.  In

their first and second counterclaims, the PennyMac defendants seek declarations that "the [Ma

---

[6] The Court need not address defendants' argument that plaintiff's claims are barred under the RPAPL.  *See* Defs. Reply Mem. at 1-2, Dkt. 127; Defs. Mem. at 2-4, Dkt. 117.  However, the Court notes that defendants' argument that "New York law expressly forbids quiet title actions where there is an ongoing and timely foreclosure proceeding" is misplaced.  Defs. Mem. at 3.  There is no such rule in New York.  Rather, in actions pursuant to RPAPL § 1501(4) only, like defendants' counterclaims, to seek removal of a mortgage of record because it is barred by the statute of limitations, a plaintiff must necessarily demonstrate that the statute of limitations has run on the mortgage.  *See VVS1 Corp.*, 2019 WL 527291, at *3; *Trento 67, LLC v. OneWest Bank, N.A.*, 230 A.D.3d 1, 8 (2d Dep't 2024) (cited by defendants).  That rule does not apply to plaintiff's direct claims, which, as defendants acknowledge, are brought pursuant to section 1501(1).  *See Fabtastic Abode, LLC v. Arcella*, 60 N.Y.S.3d 318, 319 (2d Dep't 2017) ("this action is not barred by RPAPL 1501(4), since it is not one to discharge the mortgage on the ground that an action to enforce the mortgage is time-barred").  Indeed, every case cited by defendants addressed an action brought pursuant to section 1501(4) on the grounds that the statute of limitations had run.  *See* Defs. Mem. at 2-3; Defs. Reply Mem. at 2.

Family] own the Property[,] the PennyMac Mortgage is a first lien on the Property," and that any interest plaintiff has in the property "is subject and subordinate to the ownership interests of the [Ma Family] and the lien of the PennyMac Mortgage." Answer ¶¶ 78, 88.  Specifically, in their first counterclaim, the PennyMac defendants contend that "this case is moot and must be dismissed because any attempt by Plaintiff to foreclose on Plaintiff's mortgage is time-barred." *Id.* ¶¶ 73-75.  In their second counterclaim, the PennyMac defendants contend that the Ma defendants are "good faith purchasers for value." *Id.* ¶ 87.  For the reasons discussed above, the counterclaims must also be dismissed on *Younger* abstention grounds, and alternatively, under *Brillhart/Wilton* abstention.

The Court notes, however, that the PennyMac defendants' first counterclaim pursuant to RPAPL § 1501(4) would be easily dismissed on the merits.  As discussed above, under section 1501(4), "a person having an estate or interest in real property subject to a mortgage may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it," *if the applicable statute of limitations for commencing a foreclosure action has expired.  BSD 253, LLC v. Wilmington Sav. Fund Soc'y, FSB*, 195 N.Y.S.3d 701, 703 (2d Dep't 2023) (citation omitted, emphasis added).  A plaintiff bringing a claim under section 1501(4) has the burden of proving "that the statute of limitations on an action to foreclose the senior mortgage has expired*." Stewart Tit. Ins. Co. v. Bank of N.Y. Mellon*, 61 N.Y.S.3d 627, 627-28 (2d Dep't 2017) (citation omitted).

As here, where a previously dismissed action is restored to active status, a plaintiff cannot make the required showing that the statute of limitations has expired.  *See Karpa Realty Grp., LLC v. Deutsche Bank Nat'l Tr. Co.*, 226 N.Y.S.3d 255, 257-58 (2d Dep't 2025); *BSD 253*, 195 N.Y.S.3d at 703; *Retemiah v. Bank of New York Mellon*, 144 N.Y.S.3d 627, 627-28 (2d Dep't

16

2021). For example, in *Karpa*, the underlying foreclosure case had been dismissed previously in 2013, but the court found that after a 2018 order vacating the 2013 order restored the action to the calendar, "plaintiff could no longer demonstrate as a matter of law that the statute of limitations had expired." *Id.* at 257-58. Similarly, here, because the state court granted the motion to renew, vacating the conditional order and restoring the case to the active calendar, the PennyMac defendants cannot demonstrate as a matter of law that the statute of limitations has expired.

## CONCLUSION

For the foregoing reasons, the Court denies plaintiff's motion for partial summary judgment and grants the PennyMac defendants' motion for partial summary judgment. Counts I and II of the Amended Complaint, and the PennyMac defendants' counterclaims, are dismissed.

In addition to the claims for declaratory and injunctive relief discussed above, plaintiff seeks damages against defendant Criscuolo. Since the *Younger* analysis applies only to plaintiff's claims for injunctive relief, the claims brought against Criscuolo survive. *See Kirschner v. Klemons*, 225 F.3d 227, 238 (2d Cir. 2000) ("abstention and dismissal are inappropriate when damages are sought, even when a pending state proceeding raises identical issues and [it] would dismiss otherwise identical claims for declaratory and injunctive relief.").[7]

**SO ORDERED**

Dated: Brooklyn, New York
      March 27, 2026

s/ James R. Cho
James R. Cho
United States Magistrate Judge

---

[7] Similarly, *Brillhart* abstention may only be invoked as to declaratory judgment claims, rather than claims for damages. *See Gen. Star Indemn. Co. v. Anheuser-Busch Cos., Inc.*, 199 F.3d 1322, 1999 WL 1024708, at *1 (2d Cir. 1999).